LYDIA A. FOX, BY LEONARD J. FOX AND LYDIA H. FOX, NEXT FRIENDS, AND LEONARD J. FOX AND LYDIA H. FOX, PLAINTIFFS-APPELLANTS, v. LEO MINAHAN AND ALFRED MINAHAN, INDIVIDUALLY AND CO-PARTNERS, TRADING AS MINAHAN BROTHERS, AND FRED RAMSAUER, DEFENDANTS-RESPONDENTS.

Submitted May 25, 1934—Decided September 27, 1934.

For the plaintiffs-appellants, *Harry Green* and *Albert E. Schober*.

For the defendants-respondents, *Arthur B. Seymour*.

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the Essex County Circuit Court. The suit was tried before

Honorable Joseph L. Smith, Circuit Court judge, and a jury. At the close of plaintiffs' case the judge directed a verdict of nonsuit in favor of the defendants Leo Minahan and Alfred Minahan and the jury rendered a verdict in favor of the plaintiffs and against Fred Ramsauer.

The records show that the plaintiffs appeal from the whole of the judgment entered. The appeal as to Fred Ramsauer, however, is not argued and it is, therefore, assumed that the appeal is only as to the defendants Leo Minahan and Alfred Minahan, partners, trading as Minahan Brothers. The action was for compensation for injuries sustained by the plaintiffs.

The facts in the case were that the defendants Minahan Brothers, who were the owners of a truck, employed Ramsauer, the other defendant, as a driver for the same. Ramsauer had been working on a certain job which was completed. Ramsauer told Minahan Brothers that he could store the truck in his own yard. Minahan Brothers, therefore, told him he should take the truck to his yard or store it in one of their other drivers' yards. Ramsauer stored it in his own yard. On account of rain or for some other reason the truck was not used for several days. Ramsauer decided to remove some junk from the yard where the truck was stored for the reason that this junk was likely to cut the tires of the truck. He was not directed to do this by his employers, Minahan Brothers, nor did they have any knowledge that he removed the same. However, he undertook to cart this junk to a dumping ground, using the truck of Minahan Brothers for the purpose. It was on this occasion, while he was returning from the dump after carting away a load, that the accident occurred in which the plaintiffs were injured.

Judge Smith held that Ramsauer had no authority to use the truck for the purpose and that, therefore, Minahan Brothers were not responsible or liable for the accident. He relied on the decision of the Supreme Court in the case of *Nicholas* v. *Independence Indemnity Co.*, 11 *N. J. Mis. R.* 344. That case grew out of the same set of facts involved in the case now under review. The testimony in this case appears to be practically the same as in the case above referred to. Minahan Brothers, as far as the testimony shows, had no

knowledge that the property on which the truck was stored was not suitable for the purpose. Ramsauer, it appears, had no authority either expressed or implied to use Minahan Brothers truck for carting refuse from his home to the dumping ground. He could have notified his employers of the situation but this he evidently did not do. It does not appear that Ramsauer's employers gave him permission to take the truck from the premises on the day of the accident. This state of facts is governed by the law laid down in *Patterson* v. *Surpless,* 107 *N. J. L.* 305, and the case of *Hoffman* v. *Laseff,* 110 *Id.* 122, wherein this court held that in actions brought against the owner of an automobile to recover for personal injuries by reason of the negligent operation of such automobile and it appears from the uncontradicted evidence that such automobile was not being used by such owner or for him, the presumption that the operator of the automobile was acting as the agent or servant of the owner is overcome, and the question of the owners' liability then becomes a question of law to be dealt with by the court and requires the direction of a verdict in favor of the owner.

The facts above stated lead us to the conclusion that the Circuit Court judge properly ruled and the judgment under review is, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.